United States District Court
Southern District of Texas
**ENTERED**
April 04, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW BURKE, Inmate #00242515, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-22-3329 |
| JUDGE CHRISTIAN BECERRA, et al., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Andrew Burke (Inmate #00242515), has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint")(Docket Entry No. 1) concerning criminal charges that are pending against him in state court and the conditions of his confinement at the Fort Bend County Jail in Richmond, Texas. The court issued an Order for More Definite Statement (Docket Entry No. 5) and Burke has filed a response ("Plaintiff's MDS")(Docket Entry No. 6), which provides additional details about his claims. Because Burke is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that Burke's claims against all but one of the defendants must be dismissed for the reasons explained below.

## I. **Background**

Burke, who is presently confined as a pretrial detainee, reports that he was admitted to the Fort Bend County Jail most recently on June 13, 2022.[1] Burke acknowledges that he has been charged with several serious offenses.[2] Public records from the Fort Bend County District Clerk's Office confirm that Burke has been charged with indictments in the following cases: (1) aggravated assault with a deadly weapon in Case No. 21-DCR-097693; (2) assault on a public servant in Case No. 21-DCR-097923; and (3) solicitation of capital murder for remuneration in Case No. 22-DCR-099866.[3] According to these records the charges were originally filed against Burke in the 434th District Court for Fort Bend County, Texas, but the cases were later transferred to a different judge and are now pending in the 458th District Court for Fort Bend County.[4]

Burke has filed this lawsuit under 42 U.S.C. § 1983 against

---

[1] Plaintiff's MDS, Docket Entry No. 6, p. 1 (Response to Question 1). For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic case filing system, ECF.

[2] Id. at 1 (Response to Questions 3(a) and 3(b)).

[3] See Fort Bend County District Clerk's Office, available at: https://www.tylerpaw.co.fort-bend.tx.us (last visited March 30, 2023).

[4] See id.; see also Plaintiff's MDS, Docket Entry No. 6, p. 1 (Response to Question 3(a))(noting that Judge Christian Becerra, who presides over the 434th District Court, recused himself sometime after this lawsuit was filed).

Judge Christian Becerra, who presides over the 434th District Court for Fort Bend County.[5]  Burke also sues Fort Bend County District Attorney Brian Middleton.[6]  Noting that he was arrested initially on November 23, 2021, and later released on bond,[7] Burke contends that Judge Becerra revoked his original bond and set a new bond that "quadrupled" the amount in all three of his cases for a total of $370,000.00.[8]  Burke blames Middleton for seeking an excessive bond and for making multiple requests for the trial court to order a mental competency evaluation.[9]

In addition, Burke sues Fort Bend County Sheriff Eric Fagan in connection with his arrest, alleging that he has been the victim of malicious prosecution.[10]  Burke sues Major Webb, who reportedly serves as the Fort Bend County Jail Administrator, because Burke was "beaten" by several officers on October 1, 2022.[11]  Burke also sues Deputy Lily for restricting his telephone privileges while he

---

[5] Complaint, Docket Entry No. 1, p. 3.

[6] Id.

[7] Plaintiff's MDS, Docket Entry No. 6, p. 1 (Responses to Questions 2 and 4(b)).

[8] Id. at 3 (Responses to Questions 4(a) and 4(b)).

[9] Complaint, Docket Entry No. 1, pp. 3-4.

[10] Plaintiff's MDS, Docket Entry No. 6, p. 6 (Response to Question 6).

[11] Complaint, Docket Entry No. 1, p. 4; Plaintiff's MDS, Docket Entry No. 6, p. 9 (Response to Question 9).

was in disciplinary segregation.[12] Explaining that Deputy Lily has placed him in disciplinary segregation numerous times, where he has been kept in a "padded cell" due to his behavior, Burke claims that he was denied as many as 50 meals between June and September 2022.[13]

Burke seeks $5 million in compensatory damages and $500 million in punitive damages from the defendants.[14] Burke also seeks his release from confinement on a "PR bond" or writ of habeas corpus and he asks this court to intervene and dismiss all of the charges pending against him.[15]

## II.   **Standard of Review**

Federal district courts are required by the Prison Litigation Reform Act ("PLRA") to screen prisoner complaints to identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015)

---

[12]Plaintiff's MDS, Docket Entry No. 6, p. 6 (Response to Question 7(a)).

[13]Id. at 8 (Responses to Questions 8(a)-8(d)).

[14]Complaint, Docket Entry No. 1, p. 4.

[15]Id.

(discussing the screening provision found in the federal in forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007))(alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998)(citation omitted).

To avoid dismissal for failure to state a claim, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citation omitted). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. Id. at 1974. A reviewing court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the

-5-

plaintiff." Heinze v. Tesco Corp., 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But it need not accept as true any "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (internal quotation marks and citations omitted); see also White v. U.S. Corrections, LLC, 996 F.3d 302, 307 (5th Cir. 2021) (same). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

### III.  Discussion

#### A.  Request for Release From Confinement

Burke asks this court to intervene in his ongoing state court proceedings and grant him release on his own recognizance.[16] Alternatively, Burke asks the court to issue a writ of habeas corpus to release him from the Fort Bend County Jail.[17] These claims are not actionable in a lawsuit under 42 U.S.C. § 1983. The writ of habeas corpus provides a remedy only for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973).

Burke also asks the court to dismiss all the charges pending

---

[16]Complaint, Docket Entry No. 1, p. 4.

[17]Id.

against him.[18]  A federal district court may not intervene in criminal proceedings that are pending in state court unless exceptional circumstances are present. See Younger v. Harris, 91 S. Ct. 746, 750-51 (1971). Abstention is required under the Younger doctrine when "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." Bice v. Louisiana Public Defender Board, 677 F.3d 712, 716 (5th Cir. 2012) (internal quotation marks and citation omitted).

The court declines to intervene because all three of the Younger criteria are satisfied in this instance.  First, the pleadings reflect that Burke is the subject of an ongoing criminal prosecution in state court.[19] Second, the State of Texas has an important interest in enforcing its own laws by pursuing criminal charges. See DeSpain v. Johnston, 731 F.2d 1171, 1176 (1984) ("The state has a strong interest in enforcing its criminal laws."). Third, a pretrial detainee may challenge the amount of his bond by filing an application for a writ of habeas corpus under Article 11.08 of the Texas Code of Criminal Procedure with the trial court. If the trial court denies habeas relief, the applicant's remedy is

---

[18]Id.

[19]Plaintiff's MDS, Docket Entry No. 6, pp. 1-2 (Response to Questions 3(a)-3(c)).

to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. See, e.g., Ex parte Twyman, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing Ex parte Payne, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981) (citations omitted)). Because Burke does not allege facts showing that exceptional circumstances warrant intervention, his request for release from confinement and for dismissal of the charges against him will be dismissed for failure to state a claim upon which relief may be granted.[20]

## B. Claims Against Judge Becerra

Burke seeks monetary damages from Judge Becerra for setting an excessive bond in the criminal cases that are pending against him.[21] Burke cannot recover monetary damages from Judge Becerra in connection with rulings made in his criminal case because "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). The doctrine of absolute judicial immunity protects judges

---

[20] The court declines to address whether Burke is entitled to habeas corpus relief because records reflect that he has filed two habeas corpus proceedings to challenge the amount of his bail. See Burke v. Fagan, Civil No. H-22-4407 (S.D. Tex. Dec. 28, 2022)(Docket Entry No. 5) and Burke v. Fagan, Civil No. H-23-104 (S.D. Tex. Feb. 8, 2023)(Docket Entry No. 3). Both proceedings were dismissed because Burke has not yet exhausted available remedies in state court.

[21] Complaint, Docket Entry No. 1, p. 4.

-8-

from suit, not just from liability for damages. See Mireles v. Waco, 112 S. Ct. 286, 288 (1991). Because setting a bond in a criminal case is a judicial function, Judge Becerra is entitled to immunity and the claims against him will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## C. Claims Against District Attorney Middleton

Burke seeks monetary damages from District Attorney Middleton for seeking a high bond in the criminal cases against him and for requesting an evaluation of Burke's mental competency to stand trial.[22] Prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in initiating a prosecution and presenting the state's case. See Imbler v. Pachtman, 96 S. Ct. 984, 995 (1976)(observing that judges and grand jurors acting within the scope of their duties are entitled to immunity and holding that prosecutors are also absolutely immune from a civil suit for damages for initiating a prosecution and in presenting the state's case); see also Loupe v. O'Bannon, 824 F.3d 534, 538 (5th Cir. 2016) ("A prosecutor enjoys absolute immunity when her actions are 'intimately associated with the judicial phase of the criminal process.'") (quoting Imbler, 96 S. Ct. at 995). Because seeking a bond and requesting a competency evaluation for a criminal defendant are within the scope of a prosecutor's duties, Middleton is entitled to immunity from Burke's

---

[22] Id.

claims. Therefore, the claims against Middleton will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### D. Claims of Malicious Prosecution Against Sheriff Fagan

Burke alleges that Sheriff Fagan caused the criminal charges to be filed against him in retaliation for a "small claims lawsuit" that Burke filed.[23] Burke seeks monetary damages from Sheriff Fagan for engaging in "malicious prosecution."[24]

A claim for malicious prosecution under the Fourth Amendment "does not accrue until the prosecution ends in the plaintiff's favor." Winfrey v. Rogers, 901 F.3d 483, 492 (5th Cir. 2018) (internal quotation marks and citation omitted); see also Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022) (noting that to maintain a Fourth Amendment claim for malicious prosecution a plaintiff "must demonstrate, among other things, that he obtained a _favorable termination_ of the underlying criminal prosecution") (emphasis in original). Because the criminal charges remain pending against him, Burke cannot state a claim for malicious prosecution. As a result, the claims against Sheriff Fagan will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### E. Claims Against Major Webb

Burke alleges that several officers at the Jail used excessive

---

[23]Plaintiff's MDS, Docket Entry No. 6, p. 6 (Response to Question 6).

[24]Id.

-10-

force against him during an incident that occurred at around 1:00 a.m. on October 1, 2022.[25] As Jail Administrator, Burke claims that Major Webb is liable in his supervisory capacity for the beating administered by officers under his command.[26]

Officials cannot be held vicariously liable in a suit under § 1983 for the conduct of those under their supervision. See Alderson v. Concordia Parish Correctional Facility, 848 F.3d 415, 420 (5th Cir. 2017) (citation omitted); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (supervisory officials are not liable for wrongdoing by subordinates because "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). Supervisory officials are only accountable for their own actions "and for implementing unconstitutional policies that causally result in injury to the plaintiff." Alderson, 848 F.3d at 421. Burke does not allege facts showing that Major Webb was present when the use of force occurred or that he was injured as the result of a deficient policy implemented at the Jail. Therefore, the claims against Major Webb will be dismissed for failure to state a claim upon which relief may be granted under § 1983.[27]

---

[25] Plaintiff's MDS, Docket Entry No. 6, p. 9 (Response to Questions 9(a) and 9(b)).

[26] Complaint, Docket Entry No. 1, p. 4.

[27] Burke's claims against the officers who reportedly assaulted him on October 1, 2022, are pending in another lawsuit that Burke (continued...)

-11-

## F. Claims Against Deputy Lily: Telephone Privileges

Burke alleges that Deputy Lily violated his rights by restricting his access to the telephone while he was in disciplinary segregation.[28] The Fifth Circuit has held that "prisoners have 'no constitutional right to unlimited telephone use.'" Wagenfeald v. Gusman, 675 F.3d 475, 485 (5th Cir. 2012) (quoting Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982)); see also Hamilton v. Lyons, 74 F.3d 99, 106-07 (5th Cir. 1996) (finding that a pretrial detainee's claim that he was denied telephone access for three days did not give rise to a constitutional claim). Burke's allegation about the restrictions placed on his telephone privileges while in disciplinary segregation do not state a constitutional violation. See Palmisano v. Bureau of Prisons, 258 F. App'x 646, 648 (5th Cir. 2007) (per curiam) (Restrictions or loss of an inmate's telephone or visitation privileges "provide no basis for a claim of the denial of constitutional rights.")(citations omitted). Therefore, the claim against Deputy Lily for curtailing Burke's telephone privileges will be dismissed

---

[27](...continued)
has filed in this district. See Burke v. Masters, Civil No. H-23-361 (S.D. Tex.) (Docket Entry No. 1, pp. 3, 6). Accordingly, the court does not address these allegations further.

[28]Plaintiff's MDS, Docket Entry No. 6, p. 8 (Response to Questions 8(d) and 8(e)).

pursuant to 28 U.S.C. § 1915(e)(2)(B).[29]

### G. Claims Against Deputy Lily: Missing Meals

Burke claims that as a result of being placed in disciplinary segregation by Deputy Lily, he missed as many as 50 meals between June and September 2022, which caused him to lose over 30 pounds.[30] Burke, who stands at 5'9" tall, reportedly weighed 220 pounds on June 13, 2022, but now weighs only 190 pounds.[31] Burke claims that on an unspecified date he was seen by a nurse practitioner, who authorized Burke to have "double portions" of his meals and prescribed "ensure," but he required no other medical care for his weight loss.[32]

The Fifth Circuit has held that the complete denial of food over an extended period of time may state a claim for relief under

---

[29] Burke, who reports that he has fired his counsel and now represents himself in state court, does not allege facts showing that the loss of telephone privileges hampered his ability to contact his attorney or to access the courts. See Plaintiff's MDS, Docket Entry No. 6, p. 2 (Response to Question 3(d)). The court notes that Burke has alleged in other cases that his former defense attorney was refusing to accept calls from Burke on his cellphone and that his office had blocked Burke's calls from the Jail. See Burke v. Diaz, Civil No. H-23-332 (S.D. Tex.) (Docket Entry No. 1, p. 4); see also Burke v. Webb, Civil No. H-22-cv-4366 (S.D. Tex.)(Docket Entry No. 15, pp. 1-2). Burke's claim that he has been denied access to courts by Jail personnel has been dismissed as frivolous in another lawsuit. See Burke v. Chesser, Civil No. H-23-842 (S.D. Tex. March 14, 2023) (Docket Entry No. 4, pp. 4-5).

[30] Plaintiff's MDS, Docket Entry No. 6, pp. 8-9 (Response to Questions 8(c) and 8(g)).

[31] Id. at 11 (Response to Question 11).

[32] Id. at 9 (Response to Question 8(g)).

§ 1983. See Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1083 (1991) (finding that a prisoner who alleged that he was continuously denied food for 12 consecutive days presented facts that could entitled him to relief). However, the Fifth Circuit has held that three meals a day are not required and it has expressed doubt that missing as many as 50 meals over a period of five months is adequate to state a claim in the Eighth Amendment context. See Green v. Ferrell, 801 F.2d 765, 771 (5th Cir. 1986) (holding that two meals per day was sufficient to meet constitutional safeguards where the food provided was nutritionally adequate); see also Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (expressing doubt that a prisoner who missed 50 meals over a period of five months was "denied anything close to a minimal measure of life's necessities").

As a pretrial detainee, Burke's rights are protected by the Due Process Clause, which prohibits punitive conditions of confinement. See Hare v. City of Corinth, Mississippi, 74 F.3d 633, 650 (5th Cir. 1996) (en banc) ("The Due Process Clause proscribes any punishment of pretrial detainees, cruel and unusual or otherwise."). Because Burke alleges that he has lost a substantial amount of weight while confined in disciplinary segregation as a pretrial detainee, the court concludes that Burke's claim that he was denied as many as 50 meals between June and September 2022 requires an answer from the defendant. Accordingly, the court will issue a separate order authorizing

service of process and will request an answer from Deputy Lily regarding Burke's claim that he was denied 50 meals while in disciplinary segregation. All other claims will be dismissed.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The court will issue a separate order authorizing service of process and will request an answer from Deputy Lily regarding the plaintiff's allegation that he was denied as many as 50 meals while in disciplinary segregation between June and September 2022.

2. All other claims asserted by the plaintiff are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.**

**SIGNED** at Houston, Texas, on this 4th day of April, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE