United States District Court
Southern District of Texas
**ENTERED**
December 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW BURKE, TDCJ #2465084, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-3329 |
| | § | |
| JUDGE CHRISTIAN BECERRA, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

While confined as a pretrial detainee in the Fort Bend County Jail, Andrew Burke (TDCJ #2465084), former Fort Bend County Inmate #00242515, filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) concerning the criminal charges that were pending against him and the conditions of his confinement. The court issued an Order for More Definite Statement (Docket Entry No. 5), and Burke filed a response ("Plaintiff's MDS") (Docket Entry No. 6), which provides additional details about his claims. After screening all of the pleadings under 28 U.S.C. § 1915(e)(2)(B), the court dismissed all of Burke's claims with the exception of his allegation that Deputy Connie Lilly denied him adequate nutrition by denying him 50 meals (Memorandum Opinion and Order, Docket Entry No. 10, pp. 14-15). Now pending is Deputy Connie Lilly's Motion for Summary Judgment ("Deputy Lilly's MSJ") (Docket Entry No. 28). Burke has filed a

Response to Defendant['s] Summary Judgment [Motion] ("Plaintiff's Response") (Docket Entry No. 30). After considering all of the pleadings and the applicable law, the court will grant Deputy Lilly's MSJ and will dismiss this case for the reasons explained below.

## I. Background

Burke was admitted to the Fort Bend County Jail on June 13, 2022,[1] facing state charges for (1) aggravated assault with a deadly weapon; (2) assault on a public servant; (3) solicitation to commit capital murder; and (4) assault causing bodily injury.[2] On September 20, 2023, Burke was convicted of solicitation to commit capital murder and sentenced to life imprisonment.[3] He is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ").[4]

In a Complaint that is dated September 24, 2022, Burke alleges that Deputy Lilly violated his rights while he was in custody at

---

[1]Plaintiff's MDS, Docket Entry No. 6, p. 1 (Response to Question 1). For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic case filing system, ECF.

[2]Deputy Lilly's MSJ, Docket Entry No. 28, p. 2 ¶ 2.1.

[3]See Fort Bend County District Clerk's Office, available at: https://www.tylerpaw.co.fort-bend.tx.us (last visited Dec. 8, 2023) (reflecting that Burke was convicted of soliciting capital murder for remuneration in Fort Bend County Case No. 22-DCR-099866).

[4]Notice of New Address, Docket Entry No. 32.

the Fort Bend County Jail by using "starvation tactics."[5] Burke explains that he was placed in disciplinary segregation multiple times for behavioral issues between June and September of 2022.[6] Burke alleges that Deputy Lilly denied him as many as 50 meals while he was in disciplinary segregation,[7] causing significant weight loss.[8] Burke seeks $5 million in compensatory damages and $500 million in punitive damages.[9]

Deputy Lilly has moved for summary judgment, arguing that Burke's claims are meritless and that he fails to overcome her entitlement to qualified immunity.[10] In support, Deputy Lilly presents evidence showing that she serves as the "Inmate Services - Disciplinary Deputy" who is responsible for presiding over disciplinary proceedings at the Jail,[11] but that she is not personally involved with providing meals to inmates.[12] Deputy Lilly

---

[5]Complaint, Docket Entry No. 1, pp. 3, 5.

[6]Plaintiff's MDS, Docket Entry No. 6, p. 8 (Responses to Questions 8(b) and 8(d)).

[7]Id. at 8 (Response to Questions 8(c)).

[8]Id. at 9 (Response to Questions 8(g)).

[9]Complaint, Docket Entry No. 1, p. 4.

[10]Deputy Lilly's MSJ, Docket Entry No. 28, p. 8 ¶ 10.1.

[11]Deputy Lilly's Affidavit in Support of Her Motion for Summary Judgment ("Lilly Affidavit"), Exhibit 1 to Deputy Lilly's MSJ, Docket Entry No. 28-1, p. 2 ¶ 3, p. 3 ¶ 6(v).

[12]Id. at 5 ¶ 20, p. 8 ¶ 37; see also Captain Chesser's Affidavit in Support of Deputy Lilly's Motion for Summary Judgment ("Chesser Affidavit"), Exhibit 2 to Deputy Lilly's MSJ, Docket Entry No. 28-2, p. 4 ¶ 17.

also argues that there is no evidence that Burke was denied meals,[13] pointing to medical records showing that Burke was seen by medical professionals on an almost daily basis throughout the relevant time period and that no medical provider noted or expressed concern that Burke was losing weight.[14]

## II. Standards of Review

### A. Motions for Summary Judgment

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Under this rule a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2021); see also Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing substantive law. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). A fact issue is "genuine" if the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." Id.

In deciding a summary judgment motion, the reviewing court must view all facts and inferences in the light most favorable to

---

[13] Deputy Lilly's MSJ, Docket Entry No. 28, p. 5 ¶ 7.1.

[14] Id.; Full Patient History from June 14, 2022, through September 30, 2022 ("Medical Records"), Exhibit C to Deputy Lilly's MSJ, Docket Entry No. 28-3, pp. 3-40.

the nonmovant and resolve all factual disputes in his favor. See Shah v. VHS San Antonio Partners, L.L.C., 985 F.3d 450, 453 (5th Cir. 2021). If the movant demonstrates "an 'absence of evidentiary support in the record for the nonmovant's case,'" the burden shifts to the nonmovant, who "must then come forward with specific facts showing that there is a genuine issue for trial." Sanchez v. Young County, Texas, 866 F.3d 274, 279 (5th Cir. 2017) (quoting Cuadra v. Houston Independent School District, 626 F.3d 808, 812 (5th Cir. 2010)). The nonmovant cannot avoid summary judgment by resting on his pleadings or presenting "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." Jones v. Lowndes County, Mississippi, 678 F.3d 344, 348 (5th Cir. 2012) (internal citation and quotation marks omitted); see also Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a nonmovant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence).

The plaintiff represents himself in this case. Courts are required to give a pro se litigant's contentions a liberal construction. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citation omitted). Nevertheless, a pro se litigant is not excused from meeting his burden of proof by specifically referring to evidence in the summary judgment record and setting forth facts showing that there is a genuine issue of material fact

remaining for trial. See Outley v. Luke & Associates, Inc., 840 F.3d 212, 217 (5th Cir. 2016).

**B.   Qualified Immunity**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 102 S. Ct. 2727, 2738 (1982)). "'[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken.'" Messerschmidt v. Millender, 132 S. Ct. 1235, 1245 (2012) (quoting Anderson v. Creighton, 107 S. Ct. 3034, 3038 (1987) (citation omitted)).

"[A] good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." Ratliff v. Aransas County, Texas, 948 F.3d 281, 287 (5th Cir. 2020) (internal quotation marks and citation omitted). Once the defense is invoked by a defendant, "the plaintiff must rebut it by establishing (1) that the [defendant] violated a federal statutory or constitutional right and (2) that the unlawfulness of the conduct

-6-

was 'clearly established at the time.'" Rich v. Palko, 920 F.3d 288, 294 (5th Cir. 2019) (quoting District of Columbia v. Westby, 138 S. Ct. 577, 589 (2018) (citation omitted)). A plaintiff seeking to meet this burden at the summary-judgment stage "may not rest on mere allegations or unsubstantiated assertions but must point to specific evidence in the record demonstrating a material fact issue concerning each element of his claim." Mitchell v. Mills, 895 F.3d 365, 370 (5th Cir. 2018) (citations omitted).

### III. Discussion

#### A. Personal Involvement

Burke claims that Deputy Lilly denied him as many as 50 meals while he was in disciplinary segregation at the Fort Bend County Jail between June and September of 2022, which caused him to lose over 30 pounds.[15] Burke, who is 5'9" tall, reportedly weighed 220 pounds when he was booked into the Fort Bend County Jail on June 13, 2022, but weighed 190 pounds when he filed this suit.[16] He accuses Deputy Lilly of depriving him of adequate nutrition by using starvation tactics while he was in disciplinary segregation.[17]

Deputy Lilly states that, although she presided over many disciplinary proceedings lodged against Burke for infractions that

---

[15] Plaintiff's MDS, Docket Entry No. 6, pp. 8-9 (Response to Questions 8(c) and 8(g)).

[16] Id. at 11 (Response to Question 11).

[17] Complaint, Docket Entry No. 1, p. 3.

-7-

he committed at the Jail, none of the punishment or restrictions imposed as a result of those proceedings authorized withholding of meals.[18] Deputy Lilly states that as an official in charge of investigating and presiding over disciplinary proceedings she had no personal involvement with providing meals to inmates.[19] Meals are provided to inmates by a "third-party Food Service Operator" in accordance with a "Food Service Plan" that is detailed in the Fort Bend County Sheriff's Office Detention Division Jail Procedure Manual ("FBCSO Jail Procedure Manual").[20] Deputy Lilly states that she has never attempted to intervene or influence food service personnel, who are not in her chain of command.[21] Deputy Lilly also states that she was unaware of any grievances filed by Burke about being denied meals,[22] and that she never perceived that Burke was ever subject to a substantial risk of harm while at the Jail.[23]

"To establish a claim under [42 U.S.C.] § 1983, 'a plaintiff must (1) allege a violation of a right secured by the Constitution

---

[18] Lilly Affidavit, Exhibit 1 to Deputy Lilly's MSJ, Docket Entry No. 28-1, p. 4 ¶ 12.

[19] Id. at 5 ¶ 20, pp. 8-9 ¶ 37; see also Chesser Affidavit, Exhibit 2 to Deputy Lilly's MSJ, Docket Entry No. 28-2, p. 4 ¶ 17.

[20] Lilly Affidavit, Exhibit 1 to Deputy Lilly's MSJ, Docket Entry No. 28-1, p. 5 ¶ 20, p. 6 ¶¶ 22-24; see also FBCSO Jail Procedure Manual, Exhibit A to Deputy Lilly's MSJ, Docket Entry No. 28-3, pp. 17-18 (detailing procedures for "Serving Meals").

[21] Lilly Affidavit, Exhibit 1 to Deputy Lilly's MSJ, Docket Entry No. 28-1, p. 6 ¶ 26.

[22] Id. at 7 ¶ 31.

[23] Id. at 8-9 ¶ 37.

or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" Pratt v. Harris County, Texas, 822 F.3d 174, 180 (5th Cir. 2016) (quoting Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013)). "Personal involvement is an essential element of a civil rights cause of action," meaning that there must be an affirmative link between the injury and the defendant's conduct. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) (citing Rizzo v. Goode, 96 S. Ct. 598, 604-05, 607 (1976)); see also Murphy v. Kellar, 950 F.2d 290, 292 & n.7 (5th Cir. 1992) (citations omitted). There is no evidence that Deputy Lilly was responsible for denying Burke meals or that she was aware of any issues involving his access to nutrition. Absent a showing that Deputy Lilly had any personal involvement in a constitutional violation, Burke has not overcome her entitlement to qualified immunity,[24] and Deputy Lilly is entitled to summary judgment.

---

[24] Burke appears to request a continuance to obtain discovery of false disciplinary "incident reports" under Fed. R. Civ. P. 56(d). See Plaintiff's Response, Docket Entry No. 30, p. 1. However, Burke offers no details explaining how these incident reports would raise a genuine issue of material fact regarding Deputy Lilly's lack of personal involvement with providing meals to inmates at the Jail. See Krim v. BancTexas Group. Inc., 989 F.2d 1435, 1442 (5th Cir. 1993) (To obtain a continuance the party opposing summary judgment must explain with specificity "how the additional discovery will create a genuine issue of material fact.") (emphasis in original) (citations omitted). His vague assertions are not sufficient to show that he is entitled to a continuance under Rule 56(d).

**B.   Burke Fails to Establish a Constitutional Violation**

Deputy Lilly also argues that there is no evidence that Burke was denied 50 meals while in custody of the Fort Bend County Jail or that his rights were violated.[25] Deputy Lilly presents medical records showing that Burke received daily care from multiple health care providers for "agitation, aggression, and dangerousness due to mental illness," but that no medical provider noted weight loss or expressed concern about Burke's weight during the relevant time period.[26]

As a pretrial detainee, Burke's rights are protected by the Due Process Clause, which prohibits punitive conditions of confinement. See Hare v. City of Corinth, Mississippi, 74 F.3d 633, 650 (5th Cir. 1996) (en banc) ("The Due Process Clause proscribes any punishment of pretrial detainees, cruel and unusual or otherwise."). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities." Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (internal quotation marks and citations omitted). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." Id. The Fifth Circuit has stated that the complete denial of food over an extended period of time may state a claim

---

[25] Deputy Lilly's MSJ, Docket Entry No. 28, p. 5 ¶ 7.1.

[26] Medical Records, Exhibit C to Deputy Lilly's MSJ, Docket Entry No. 28-3, pp. 3-40.

for relief under § 1983. See Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1081, 1084-85 (5th Cir. 1991) (finding that a prisoner who alleged that he was continuously denied food for 12 consecutive days presented facts that could entitle him to relief). Burke has not made such a showing.

Deputy Lilly has presented evidence that the Fort Bend County Jail has a Food Service Plan that ensures that all inmates are served three meals in a 24-hour period, which are distributed by Housing Unit Officers and Kitchen Trustees.[27] There is no evidence in the record that Burke was denied meals by any Jail official or that he suffered excessive weight loss as the result of inadequate nutrition. Instead, viewing the record in the light most favorable to Burke, the available medical records reflect that Burke was a difficult prisoner with a diagnosed mental illness, which resulted in frequent displays of violent, assaultive, and otherwise dangerous behavior.[28] Because Burke has not alleged facts or pointed to evidence showing that Jail officials subjected him to unduly punitive conditions by depriving him of food, Deputy Lilly is entitled to summary judgment on this issue. See Talib, 138 F.3d

---

[27]Lilly Affidavit, Exhibit 1 to Deputy Lilly's MSJ, Docket Entry No. 28-1, p. 5 ¶ 20, p. 6 ¶¶ 22-24; see also FBCSO Jail Procedure Manual, IX-03 Serving Meals, Exhibit A to Deputy Lilly's MSJ, Docket Entry No. 28-3, p. 17 (setting forth the requirement of three daily meals and procedures for serving those meals).

[28]Chesser Affidavit, Exhibit 2 to Deputy Lilly's MSJ, Docket Entry No. 28-2, p. 5 ¶ 26; Medical Records, Exhibit C to Deputy Lilly's MSJ, Docket Entry No. 28-3, pp. 3-40.

at 214 n.3 (expressing doubt that an inmate who allegedly missed 50 meals during a five-month period "was denied anything close to a minimal measure of life's necessities"). Accordingly, Deputy Lilly's MSJ will be granted, and this case will be dismissed with prejudice.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Deputy Connie Lilly's Motion for Summary Judgment (Docket Entry No. 28) is **GRANTED**.

2. This action will be dismissed with prejudice.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.**

**SIGNED** at Houston, Texas, on this 13th day of December, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE